[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-10533
Non-Argument Calendar
_____

Agency No. A208-574-374

CARMEN ELENA CORVERO-ALFARO,
JUAN DIEGO CORVERO-ALFARO,

                                                    Petitioners,

versus

U.S. ATTORNEY GENERAL,

                                                    Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(December 6, 2017)

Before WILLIAM PRYOR, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

        Carmen Corvero-Alfaro, a citizen of Guatemala, seeks review of the Board

of Immigration Appeals's ("BIA") decision affirming the immigration judge's

("IJ") denial of her application for withholding of removal under the Immigration and Nationality Act ("INA"). Corvero-Alfaro argues that the BIA erred by finding she was not a member of a protected group and likely would not face persecution if she returned to Guatemala. After careful review, we are bound to deny her petition.

## I.

Corvero-Alfaro was born in Guatemala. In 2003, while she was working in a clothing factory there, two of her coworkers tried to recruit her to join their gang, MS-18. The coworkers, one of whom was Corvero-Alfaro's relative, threatened her a number of times, saying there would be consequences if she refused to join. In June 2003, Corvero-Alfaro's two coworkers attacked her, throwing her to the ground, kicking and hitting her. They told her that this was a consequence of not joining the gang, and that things would get worse if she continued refusing to join. Corvero-Alfaro saw a doctor at the factory who gave her medication. She had bruises and scratches on her head, face, neck, and arms. Corvero-Alfaro says the threats continued after this attack.

In 2004, Corvero-Alfaro left Guatemala and moved to the United States. She says she left because she was afraid of the gang. In 2012, Corvero-Alfaro moved from the United States to Mexico. She met her son there, who also fled MS-18, and lived with her husband's parents for three years, eventually becoming

2

a permanent resident. But Corvero-Alfaro also did not feel safe in Mexico. She and her husband's family were victims of crimes, and she feared being targeted because her husband was living in the United States. In October 2015, Corvero-Alfaro and her son entered the United States.[1] Soon after they arrived, they were detained by the Department of Homeland Security ("DHS"). DHS served Corvero-Alfaro with a Notice to Appear, charging her with removability under 8 U.S.C. § 1182(a)(6)(A)(i). Corvero-Alfaro applied for asylum, withholding of removal, and protection under the regulations implementing the Convention Against Torture ("CAT").

The IJ denied Corvero-Alfaro's application for relief. The IJ found that Corvero-Alfaro was ineligible for asylum from Guatemala because she had resettled in Mexico. The IJ denied Corvero-Alfaro's withholding of removal claim, finding she had not shown past persecution or a clear probability of future persecution based on a protected ground. The IJ also denied Corvero-Alfaro's claim for CAT relief, finding that she had not shown it likely that she would be tortured, or that the government would be involved. The BIA affirmed. This appeal followed.

---

[1] Corvero-Alfaro's minor son, Juan Diego Corvero-Alfaro, joined in the petition for review. However, he was a derivative beneficiary only for his mother's asylum claim, which has not been appealed.

3

While Corvero-Alfaro initially sought asylum, withholding of removal, and protection under CAT, in her petition for review she challenges only the BIA's decision denying her withholding of removal under the INA.  She argues that the BIA erred in finding she would not be persecuted in Guatemala and that any persecution she would face was not the result of her membership in a cognizable particular social group.

II.

When the BIA issues a decision, we review that decision and the IJ's decision to the extent the BIA expressly adopted it.  Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001).  In this case, the BIA expressly adopted and affirmed the IJ's decision, so we review both decisions.  See id.

We review de novo the BIA's legal determinations, but that review "is informed by the principle of deference articulated in Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 104 S. Ct. 2778 (1984)."  Castillo-Arias v. U.S. Att'y Gen., 446 F.3d 1190, 1195 (11th Cir. 2006) (quotation and citation omitted).  Whether an asserted group qualifies as a "particular social group" under the INA is a question of law.  See id.  This Court follows the BIA's interpretation of what constitutes a particular social group under the INA unless the interpretation is unreasonable, arbitrary, capricious, or clearly contrary to law.  Id.

4

"To obtain withholding of removal, an applicant must establish that her life or freedom would be threatened in that country because of her race, religion, nationality, membership in a particular social group, or political opinion." Tan v. U.S. Att'y Gen., 446 F.3d 1369, 1375 (11th Cir. 2006) (quotation omitted and alteration adopted). Corvero-Alfaro bears the burden of demonstrating it is more likely than not that she will be persecuted on the basis of a protected ground if she returns to Guatemala. See id. This burden can be met either by showing past persecution or a more-likely-than-not threat of future persecution motivated at least in part on a protected ground. See id.

Corvero-Alfaro argues that the BIA erred in finding that any persecution she may face would not be based on her membership in a particular social group. "A particular social group refers to persons who share a common, immutable characteristic that the members of the group either cannot change, or should not be required to change because it is fundamental to their individual identities or consciences." Rodriguez v. U.S. Att'y Gen., 735 F.3d 1302, 1310 (11th Cir. 2013) (per curiam) (quotation omitted). To be cognizable in a withholding of removal claim, a group must be particular and distinct. See Gonzalaz v. U.S. Att'y Gen., 820 F.3d 399, 404 (11th Cir. 2016) (per curiam) (deferring to the BIA's interpretation of "particular social group"). The BIA has said that for a group to be particular, it must "be discrete and have definable boundaries—it must not be

5

amorphous, overbroad, diffuse, or subjective." Matter of M-E-V-G-, 26 I. & N. Dec. 227, 239 (BIA 2014). A particular social group cannot be defined so broadly that it becomes "a catch-all for all groups who might claim persecution." Castillo-Arias, 446 F.3d at 1197. And to be socially distinct, the BIA has said a proposed group "must be perceived as a group by society." Matter of M-E-V-G-, 26 I. & N. Dec. at 240. "The risk of persecution alone does not create a particular social group within the meaning of the INA." Castillo-Arias, 446 F.3d at 1198.

Corvero-Alfaro says she is a member of three particular social groups: (1) Guatemalan women who have resisted gang recruitment; (2) Guatemalan women who expressly oppose gang activities; and (3) female relatives of gang members. [R. 26] The BIA found that these social groups were neither particular nor distinct, stating that Corvero-Alfaro's proposed groups "are essentially defined without limiting characteristics," and that she had provided no evidence that her proposed groups were viewed as distinct in Guatemala. In support, the BIA pointed to past agency precedent that "found mistreatment on account of resistance to gang recruitment does not constitute persecution on account of a protected ground."

We cannot say that the BIA's determination was unreasonable. See Castillo-Arias, 446 F.3d at 1196. This Court has previously concluded that noncriminal informants working against a gang were not members of a particular social group.

6

Id. at 1198.  Specifically, this Court ruled that "their defining attribute is their persecution by the cartel," and "[t]he risk of persecution alone does not create a particular social group within the meaning of the INA, as virtually the entire population of Colombia is a potential subject of persecution by the cartel."  Id. Similar analysis supports the BIA's determination here.  Corvero-Alfaro has provided no evidence that the social groups she identifies are viewed as distinct within Guatemala, could be defined with particularity, or are characterized by traits other than being previously targeted by gangs.  See Gonzalez, 820 F.3d at 404; Castillo-Arias, 446 F.3d at 1198.

Because it was not unreasonable, arbitrary, capricious, or clearly contrary to law, we affirm the BIA's decision that her claimed social groups are not cognizable under the INA.  See Castillo-Arias, 446 F.3d at 1196.  While we acknowledge Corvero-Alfaro's past harm and future risk, she has not met the requirements for withholding of removal as set out by this Court.  As a result, we need not reach her argument that the BIA erred in finding she did not show it more likely than not that she would be persecuted on the basis of her identified social groups if returned to Guatemala.

**PETITION DENIED.**